UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| MOMS FOR LIBERTY - WILSON COUNTY, TN, et al., | ) | |
| Plaintiffs, | ) | NO. 3:23-cv-00211 |
| v. | ) | JUDGE RICHARDSON |
| WILSON COUNTY BOARD OF EDUCATION, et al., | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is the "Motion for Summary Judgment" (Doc. No. 60, "Motion") filed by Jamie Farough, Greg Hohman, Melissa Lynn, Kimberly McGee, Beth Meyers, Joseph Padilla, Donnie Self, and the Wilson County Board of Education (collectively, "Defendants"). Supporting the Motion is a memorandum (Doc. No. 61). Also supporting the Motion is a statement of facts (Doc. No. 62, "SOF"), which contains 80 purportedly material facts. The SOF itself is supported by ten exhibits (Doc. Nos. 62-1 through 62-10). Amanda Dunagan-Price, Robin Lemons, and Moms For Liberty - Wilson County, TN (collectively, "Plaintiffs") have filed a response (Doc. No. 66, "Response") in opposition to the Motion, as well as a response to the SOF (Doc. No. 67, "SOF Response"). The Response itself is supported by two exhibits (Doc. Nos. 66-1, 66-2).

For the reasons described herein, the Motion (Doc. No. 60) is **DENIED** without prejudice.[1]

[1] Plaintiffs have also filed their own motion for summary judgment (Doc. No. 57). That motion is not addressed by this memorandum opinion and order and remains pending.

## BACKGROUND

The present action, which the Court will summarize no more than is necessary for the narrow purposes of this memorandum opinion and order, arises out of Plaintiffs' challenges to certain policies and practices of Defendants, and specifically the public-comment policies and practices of the Wilson County Board of Education. (Doc. No. 61 at 2; Doc. No. 66 at 5-6). Plaintiffs contend that these policies and practices violate the First Amendment. Notably, in their memorandum (Doc. No. 61) in support of the Motion, Defendants raise arguments asserting mootness and lack of standing. (*See e.g.,* Doc. No. 61 at 3, 7-8, 9-13, 24-25).

## LEGAL STANDARD

Summary judgment is appropriate where there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).[2] In other words, even if genuine, a factual dispute that is irrelevant under applicable law is of no value in defeating a motion for summary judgment. *See id.* at 248. On the other hand, "summary judgment will not lie if the dispute about a material fact is 'genuine[.]'" *Id.*

The party bringing the summary judgment motion has the initial burden of identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. *Pittman v. Experian Info. Sols., Inc.*, 901 F.3d 619, 627-28 (6th Cir. 2018) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). If the summary judgment movant meets its initial burden, then in response the non-moving party "must set forth specific facts showing that there is a genuine

[2] The Court provides below an analysis of just what constitutes a "material" fact.

issue for trial." *Pittman*, 901 F.3d at 628 (quoting *Anderson*, 477 U.S. at 250).[3] Importantly, "[s]ummary judgment for a defendant [that has met its initial burden as the movant] is appropriate when the plaintiff 'fails to make a showing sufficient to establish the existence of an element essential to [her] case, and on which [she] will bear the burden of proof at trial.'" *Cleveland v. Pol'y Mgmt. Sys. Corp.*, 526 U.S. 795, 805–06 (1999) (quoting *Celotex,* 477 U.S. at 322). *See also Overstreet v. Lexington-Fayette Urb. Cnty. Gov't*, 115 F. App'x 806, 811 (6th Cir. 2004) ("The non-moving party may not rely on mere allegations and assertions in his pleadings, but rather must present specific facts that show that there is some material issue warranting a trial. If the non-moving party cannot meet this burden, summary judgment is appropriate." (citing *Nichols v. Moore,* 2004 WL 2039356, at *3 (E.D. Mich. Sept. 3, 2004))).

As noted above, where there is a genuine dispute as to any material fact, summary judgment is not appropriate. *Hostettler v. College of Wooster*, 895 F.3d 844, 852 (6th Cir. 2018). The court determines whether sufficient evidence has been presented to make the issue of fact a proper jury question. *Id*. The mere existence of a scintilla of evidence in support of the non-moving party's position will be insufficient to survive summary judgment; rather, there must be evidence upon which the jury could reasonably find for the non-moving party. *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003).

## ANALYSIS

Ordinarily, when considering a motion for summary judgment, such as the instant Motion, the Court would begin its analysis by reviewing those material facts not in genuine dispute and then turn to considering the parties' arguments on the motion for summary judgment, specifically

[3] Courts (appropriately) at times refer interchangeably to (i) a party being able (or unable) to raise a genuine issue as to fact and (ii) a reasonable jury being able (or unable) to find in the party's favor on that fact.

analyzing whether the movant has met its burden to show that there is no genuine issue as to any material fact and considering whether the movant is entitled to judgment as a matter of law.

However, the Court will eschew that approach here. As noted above, the SOF—filed in support of the Motion—contains *80* purportedly material facts. Based on the length of the SOF, the Court will deny the Motion. The Court is justified in doing so on several grounds, as discussed below.

The May 15, 2025 version of the Local Rules (hereinafter "2025 Local Rules," "2025 Local Rule")—the iteration of the Local Rules in effect both now and at the time the Motion was filed—provides various rules regarding what a summary judgment movant should do in bringing its motion. As relevant here, 2025 Local Rule 56.01(c)(1) provides that a summary judgment movant "must file a *concise*, non-argumentative statement of the alleged undisputed material facts (not legal conclusions, arguments, or characterizations) that the movant contends supports summary judgment." 2025 Local Rule 56.01(c)(1) (emphasis added).

The predecessor to 2025 Local Rule 56.01(c)(1) is 2020 Local Rule 56.01(b), and the revisions of 2020 Local Rule 56.01(b) that resulted in 2025 Local Rule 56.01(c)(1) did not dilute or otherwise relax the requirements for a summary judgment movant's statement of facts previously articulated in 2020 Local Rule 56.01(b).[4] This Court previously analyzed 2020 Local Rule 56.01(b), the interplay between 2020 Local Rule 56.01(b)'s requirement that a statement of facts be concise and the materiality (or lack thereof) of facts, and just what constitutes a material fact at summary judgment, in its decision in *McLemore v. Gumucio*, 619 F. Supp. 3d 816, 821-826 (M.D. Tenn. 2021) (Richardson, J.). The Court repeats immediately below that analysis—in large

[4] The Court will refer herein to the statement of facts contemplated now by 2025 Local Rule 56.01(c), or previously by 2020 Local Rule 56.01(b), as a "Rule 56.01 statement."

part verbatim, though excluding the footnotes found in the original text and making small revisions and additions both to the text and to citations for the sake of clarity.

As noted above, a Rule 56.01 statement must be concise. According to one online dictionary, "concise" means "free from all elaboration and superfluous detail." *Concise*, Merriam-Webster.com, https://www.merriam-webster.com/dictionary/concise (last accessed November 4, 2026). According to another, "concise" means "expressing much in few words; clear and succinct." *Concise*, TheFreeDictionary.com, https://www.thefreedictionary.com/concise (last accessed November 4, 2026). And according to a third, "concise" means "say[ing] everything that is necessary without using any unnecessary words." *Concise*, CollinsDictionary.com, https://www.collinsdictionary.com/dictionary/english/concise (last accessed November 4, 2026). Some definitions of "concise" equate the term simply with "brief" or "short." But it seems clear that a more fulsome construction of the word is "as brief [or as short] as feasible" or, conversely, "no longer than necessary." From all of this, the Court believes that when the Local Rule calls for a "concise" statement of facts, it is calling not necessarily for a statement of facts that is short or brief, but rather one that is free from unnecessary detail and is as brief as (reasonably) feasible.

This, in turn, means that a Rule 56.01 statement is not objectionable merely because it is long or even very long. Rather, it is objectionable if it is *unnecessarily* long. And a Rule 56.01 statement is unnecessarily long by virtue of the sheer *number* of statements only to the extent that it includes particular statements that are *not* statements of (purported) material fact as to which there (supposedly) exists no genuine issue to be tried (and thus were not properly included in a Rule 56.01 statement at all).

On the other hand, if an included statement truly is a statement of (purported) material fact as to which there (supposedly) exists no genuine issue to be tried, then it is properly included in a

Rule 56.01 statement. Even more to the point, such a statement cannot be said to contribute *unnecessarily* to the length of the Rule 56.01 statement. To understand why, one must start at the beginning, with a correct understanding of what a *material* fact is. "[T]he [applicable] substantive law will identify which facts are material." *Anderson*, 477 U.S. at 248. In other words, a fact is "material" within the meaning of Rule 56(a) "if its proof or disproof might affect the outcome of the suit under the governing substantive law." *Reeves v. Swift Transportation Co.*, 446 F.3d 637, 640 (6th Cir. 2006) (citing *Anderson*, 477 U.S. at 248). This is a seemingly very broad standard, given the unclear and debatable boundaries of the notion of what "might affect the outcome of a lawsuit." Indeed, the existence or non-existence of a virtually infinite number of facts conceivably "might" affect the outcome of a suit under governing law.

But there must be reasonable limits on the concept if a Rule 56.01 statement is to effectively serve its purpose of assisting the court in deciding a motion for summary judgment. And there is authority for the proposition that the standard is not nearly so broad as conceivably "might affect," at least in some minimal way, "the outcome of [a] suit." *Id.* As one district court in this circuit has stated, "a fact is material for purposes of summary judgment if proof of that fact would have the effect of establishing or refuting an essential element of the cause of action or a defense advanced by the parties." *Westfield Ins. Co. v. Enter. 522, LLC*, 34 F. Supp. 3d 737, 743 (E.D. Mich. 2014) (citing *Kendall v. Hoover Co.,* 751 F.2d 171, 174 (6th Cir. 1984)).[5] To state *Kendall's* definition more precisely:

> A fact is "material" and precludes grant of summary judgment if proof of that fact would have [the] effect of establishing or refuting one of [the] essential elements of a cause of action or defense asserted by the parties, and would necessarily affect application of appropriate principle[s] of law to the rights and obligations of the parties.

[5] *Kendall* was decided before *Celotex* but is recognized (as in *Westfield Ins. Co.*) as still good law, including on the points for which the Court cites it herein.

*Kendall*, 751 F.2d 171 at 174 (quoting Black's Law Dictionary 881 (6th ed. 1979) (quoting *Johnson v. Soulis, Wyo.,* 542 P.2d 867, 872 (1975))). In a recent version of Section 2725 of Wright & Miller, which (in its then-current 1993 version) was cited in the applicable portion of *Anderson*, the authors state:

> Although there is no established standard governing the question of what constitutes a material fact, a few general observations can be made. A fact is material if it *tends to resolve* any of the issues that have been properly raised by the parties. Consequently, in ruling on motions for summary judgment federal courts have held that a fact or facts are material if they *constitute a legal defense*, or if their existence or nonexistence might affect the result of the action, or if the resolution of the issue they raise is *so essential that the party against whom it is decided cannot prevail*. On the other hand, a factual issue that is not *necessary* to the decision is not material within the meaning of Rule 56(a) and a motion for summary judgment may be granted without regard to whether it is in dispute.

10A Fed. Prac. & Proc. Civ. § 2725.1 (2016) (emphasis added). Notably, *everything* in this passage suggests the kind of narrow view of materiality embraced by *Kendall,* except where it (incongruously, in the view of the undersigned) ditches that approach with a suggestion that a fact can be material if it merely "*might* affect the result of the action." (*Id.*) (emphasis added).

Although these observations are of some help in grasping the notion of "material fact," the reality is that the precise boundaries of that notion remain somewhat obscure. But those boundaries can be (and need to be) identified to some extent. Ultimately the Court concludes from its survey of applicable authority that "materiality"—even if not as narrow as *Kendall* indicates—plainly is not nearly broad enough to encompass every discrete fact that merely contributes incrementally to a factual narrative that, when combined with a legal argument, justifies summary judgment. Such facts are garden-variety relevant facts rather than material facts, and confusion is sown when they are presented by a movant as material facts.

The Court recognizes that a summary judgment movant cannot be faulted for including in its Rule 56.01 statement every fact that it properly identifies as material, no matter how many other

material facts are included therein. As the plain goal of a Rule 56.01 statement is presenting all material facts to the court, no material fact should be excluded on the grounds that there are already too many (other) material facts. But a statement of fact should be excluded from a Rule 56.01 statement if, properly understood, it is (i) not a statement of fact at all or (ii) a statement of fact but not properly considered a statement of *material* fact. Unfortunately, the Court often sees summary judgment movants inaptly include, in a Rule 56.01 statement, these two categories of factual statements (especially the second category). As to the second category in particular, the Court suspects that is primarily because such movants (and, of course, their counsel) are not adequately focused on the difference between a garden-variety "relevant" fact and a fact that is material. That focus is crucial because, of course, "the essential inquiry concerning a motion for summary judgment is whether there exists a genuine issue as to any *material* fact—not whether there is a genuine issue as to *any* fact." *Kendall*, 751 F.2d at 174 (emphasis original).

The upshot is that a Rule 56.01 statement should, by including only material facts, always exclude garden-variety relevant facts. And the frequent failure of summary judgment movants to so exclude garden-variety relevant facts is odd because, as explained below, it is counterproductive to over-classify facts as material. As made clear by Fed. R. Civ. P. 56 and cases like *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), a summary judgment movant (be it a defendant or, less frequently, a plaintiff) will be successful only if it "shows *that there is no genuine dispute as to any material fact* and [that] the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) (emphasis added). This means (among other things) that the movant must show that, as to *each and every* material fact, there is no genuine issue for trial. Clearly, the fewer the material facts, the easier it is to make this showing. So, by persuading the court that there are *fewer* (rather than *more*) material facts, the movant persuades the court that the movant has less that it needs to

achieve—i.e., fewer alleged facts to establish (or debunk)—in order to be granted summary judgment. Conversely, the *more* material facts a movant posits, the greater the possibility that the court will deny the motion for summary judgment based on the existence of a genuine issue as to any single purported material[6] fact. Put another way, a movant may think it is better to *maximize* the number of purportedly material facts because it is ostensibly more impressive to (purportedly) prevail as to the truth of a larger number of facts—but actually, all other things being equal, it is better to *minimize* the number of purportedly material facts in order to avoid placing upon oneself the burden of showing the indisputability of more facts than are actually necessary to be shown to be indisputable.

So in the Court's eyes, summary judgment movants have every incentive to minimize, to the fullest possible (ethical) extent, the number of material facts. But unfortunately, often they seem not to realize this. Indeed, the considerations articulated in the *McLemore* analysis (repeated in large part verbatim just above) were reflected in the 2025 amendments to 2020 Local Rule 56.01 and ought to counsel summary judgment movants to carefully consider concision and materiality *before* submitting a statement of alleged undisputed material facts to the Court. *Compare* 2020 Local Rule 56.01(b) ("Each fact must be set forth in a separate, numbered paragraph") *with* 2025 Local Rule 56.01(c)(2) ("Each individual *material* fact must be numbered separately") (emphasis added); *compare* 2020 Local Rule 56.01(c) ("Any party opposing the motion for summary judgment must respond to each fact set forth by the movant") *with* 2025 Local Rule 56.01(e) ("The respondent must also respond to the movant's statement of undisputed *material* facts in a separately filed response.") (emphasis added).

---

[6] Purported, that is, by the movant itself.

The Court discerns that there are two critical defects with respect to the SOF, so as to justify the denial of the Motion. First, the Court discerns that the SOF is not nearly *concise* as required by 2025 Local Rule 56.01(c)(1). Even a brief review of the SOF reveals numerous purportedly material facts that, in the view of the Court, are in actuality entirely immaterial because neither the existence nor the non-existence of those facts would help establish the Motion's assertion that Defendants are entitled to judgment as a matter of law on one or more of Plaintiffs' claims. For example, the fact numbered "29" in the SOF merely explains that Robin Lemons (one of the Plaintiffs in this action) is "a Member of Moms for Liberty – Wilson County, TN and serves as its secretary." (Doc. No. 62 at ¶ 29). And the fact numbered "1" in the SOF merely discusses the identity of the Wilson County Board of Education, which is one of the Defendants in this action. (*Id.* at ¶ 1 ("The Wilson County Board of Education ("Board") is a governmental entity responsible for the administration and operation of the public school system within Wilson County, Tennessee.")). Plainly, neither of these facts helps establish, with respect to any of Plaintiffs' claims, either an affirmative defense for Defendants or the absence of an element.

At base—and for reasons into which the Court need not delve deeply herein—the Court cannot see how these purportedly material facts (in addition to several other particular facts throughout the SOF) are even arguably material to the claims pending in the case at bar. The Court perceives that many of the facts stated by Defendants simply cannot be construed as material.

And consistent with the Court's discussion of just what "concise" means in the context of a Rule 56.01 statement, this leads the Court to conclude that the SOF—because it includes facts that are plainly not *material*—is not in fact *concise* as required by 2025 Local Rule 56.01(c) and is thus in violation of 2025 Local Rule 56.01(c). This non-compliance with 2025 Local Rule 56.01(c) alone provides the Court with a basis to deny the Motion. *See Hosp. Auth. of Metro. Gov't*

*of Nashville & Davidson Cnty., Tennessee v. Momenta Pharms., Inc.*, 333 F.R.D. 390, 400 (M.D. Tenn. 2019) (noting that a motion may be denied based on its failure to comply with the Local Rules); *Grove v. Wells Fargo Fin. California, Inc.*, 606 F.3d 577, 582 (9th Cir. 2010) (denial of a motion as the result of a failure to comply with local rules is within a district court's discretion).

But even if the Court were to conclude that the SOF was concise as required by 2025 Local Rule 56.01(c)—i.e., if the Court accepted that each of the facts included in the SOF was in fact material—this would not save the Motion. As the Court noted above, Fed. R. Civ. P. 56 and cases like *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), make clear that a movant for summary judgment (in this case Defendants) must remove every genuine issue of material fact. To do so, the movant must "show[ ] *that there is no genuine dispute as to any material fact* and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) (emphasis added). In other words, the movant must show that there are *no* material facts as to which there is a genuine issue (dispute) for trial. Here, Defendants contend that there are *80* material facts. So, under Defendants' own theory, Defendants must show *that there is no genuine dispute as to any* of these 80 (purportedly) material facts in order to be entitled to summary judgment. If even *one* of these 80 (purportedly) material facts is in genuine dispute, then it would follow (under Defendants' own theory) that Defendants are *not* entitled to summary judgment. By the Court's count, Plaintiff disputes, in whole or in part, twenty-six of the facts in the SOF in Plaintiff's SOF Response. (Doc. No. 67 at ¶¶ 8-9, 12-15, 38-40, 42, 44-46, 48-58, 60-61). Given not just the plethora of (purportedly) material facts that Defendants have submitted along with their Motion, but also the sheer number of these facts that Plaintiffs contend are in fact *in genuine dispute*, the Court discerns that it is mathematically unlikely that Defendants will be able to show that all of their (purportedly) material

facts are *not* in genuine dispute as required for Defendants to obtain summary judgment in full.[7] This provides a further justification for denying the Motion.

To the extent that the reader (or the parties, and especially Defendants) thinks that the Court's decision herein is perhaps overly harsh, the Court feels compelled to note that there is another reason to deny the Motion: the parties in this action were repeatedly ordered to read the undersigned's opinion in *McLemore v. Gumucio*, 619 F. Supp. 3d 816 (M.D. Tenn. 2021) (Richardson, J.), wherein the undersigned—as noted above—provided the same guidance as he has stated herein regarding what should (or should not) be included in a summary judgment movant's statement of undisputed material facts. Indeed, in the initial case management order (Doc. No. 24), the Magistrate Judge ordered:

> All attorneys are required to read Judge Richardson's opinion in *McLemore v. Gumucio*, No. 3:19-cv-00530, 2021 WL 2400411 (M.D. Tenn. June 11, 2021), regarding what should (or should not) be included in the summary judgment movant's "statement of undisputed material facts," and any parties moving for summary judgment or responding to a motion for summary judgment are expected to follow Judge Richardson's guidance as detailed in the McLemore opinion.

(Doc. No. 24 at 5-6). Moreover, the Court provided in two orders setting this case for trial:

> All attorneys are required to read the undersigned's opinion in *McLemore v. Gumucio*, No. 3:19-cv-00530, 2021 WL 2400411 (M.D. Tenn. June 11, 2021), regarding what should (or should not) be included in the summary judgment movant's "statement of material facts as to which the movant contends there is no genuine issue for trial" required by Local Rule 56.01(b). Any party moving for summary judgment or responding to a motion for summary judgment is expected to follow the guidance set forth in the *McLemore* opinion. This requirement is intended to, and should, redound to the benefit of the parties and the Court by increasing the likelihood that all involved will correctly identify and address issues that truly are ones of material fact.

[7] We are not dealing here with batting in baseball or with three-point shooting in basketball, so it is not virtually impossible that Defendants could go 80 for 80—or that Plaintiff could go 0 for 80—on Defendants' factual assertions. But as a matter of mathematical probability, it seems implausible. And in deciding whether the metaphorical juice is worth the squeeze required to assess the purported indisputability (or undisputedness) of each and every one of 80 different purported facts, the Court has the prerogative to take this reality into account.

(Doc. No. 45 at 2, Doc. No. 48 at 2). So Defendants (and for that matter, Plaintiffs) have thrice been ordered to read the undersigned's opinion in *McLemore* and to follow *McLemore*'s guidance in bringing a motion for summary judgment. And yet Defendants nevertheless have failed to follow this Court's guidance in *McLemore*—namely by filing a statement of facts that is not concise as required by 2025 Local Rule 56.01(c) and otherwise including such a plethora of (purportedly) material facts in the SOF as to make clear to the Court that Defendants are unlikely (mathematically) to succeed in showing that each of these facts is in fact not in genuine dispute, due to both the sheer number of facts that Defendants have included in their SOF and the sheer number of these facts that Plaintiff contends are genuinely in dispute. The failure of Defendants to adhere to *McLemore*, despite this Court's orders, provides further support for the Court's decision to deny the Motion.

CONCLUSION

Accordingly, the Motion (Doc. No. 60) is **DENIED**. However, such denial comes with an important caveat.

As the Court noted above, Defendants have raised, in their memorandum (Doc. No. 61) in support of the Motion, certain arguments asserting mootness and lack of standing.[8] That is to say,

---

[8] Mootness defeats (i.e., deprives the Court of) subject-matter jurisdiction, and standing is required for the Court to exercise subject-matter jurisdiction. *Davis v. Colerain Twp., Ohio*, 51 F.4th 164, 175 (6th Cir. 2022) ("[A] mootness finding deprives a court of subject-matter jurisdiction."); *State by & through Tennessee Gen. Assembly v. United States Dep't of State*, 931 F.3d 499, 507 (6th Cir. 2019) ("If no plaintiff has standing, then the court lacks subject-matter jurisdiction.").

Although more commonly raised at the motion-to-dismiss stage via a Rule 12(b)(1) motion, attacks on the Court's subject-matter jurisdiction, whether on the basis of mootness, on the basis of a lack of standing, or on some other basis, can be raised at the summary-judgment stage and can serve as a basis for summary judgment. *See e.g., Kareem v. Cuyahoga Cnty. Bd. of Elections*, 95 F.4th 1019, 1022 (6th Cir. 2024) ("At the summary judgment stage, a plaintiff must [advance] 'specific facts' that create a genuine dispute of material fact regarding each requirement of standing."); *Ctr. for Biological Diversity v. Lueckel*, 417 F.3d 532, 537 (6th Cir. 2005) ("The plaintiffs cannot carry their burden by generalized allegations. Because the plaintiffs' standing was challenged in a motion for summary judgment, the plaintiffs must . . . 'set forth specific facts,' in affidavits or through other evidence, demonstrating that each element of standing is satisfied."); *Bench Billboard Co. v. City of Covington, Ky.*, 465 F. App'x 395, 411 (6th Cir. 2012) ("We

Defendants have raised—among other things—challenges to the Court's subject-matter jurisdiction over this action. As this Court has recognized in the past, "[i]t is a federal court's unflagging duty to verify that it has jurisdiction over the case before it." *Guerrero v. Williams*, No. 3:25-CV-00097, 2025 WL 1092771, at *2 (M.D. Tenn. Apr. 7, 2025) (quoting *Naji v. Lincoln*, 665 F. App'x 397, 399 (6th Cir. 2016)). Given that the Motion has raised arguments going to the Court's subject-matter jurisdiction, the Court's denial of the Motion will be without prejudice to Defendants filing a new motion for summary judgment within sixty (60) days of the entry of this order.[9] Any such motion (and the papers filed in support thereof) must adhere to 2025 Local Rule 56.01(c) and the Court's strictures outlined herein and in *McLemore*.

IT IS SO ORDERED.

Eli Richardson
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE

---

AFFIRM the district court's grant of summary judgment to [one of the defendants] on the basis that BBC lacked standing."); *Wellemeyer v. Trans Union, LLC*, No. 3:20-CV-814-DJH-LLK, 2023 WL 11262971, at *11 (W.D. Ky. Sept. 22, 2023) (declining to grant summary judgment to defendant on the basis of mootness where the evidence failed to "demonstrate the absence of a genuine issue of material fact" as to the case being moot); *Werme v. Mortg. Ctr., LLC*, No. 1:15-CV-130, 2018 WL 3458567, at *3 (W.D. Mich. July 6, 2018) ("Plaintiff has failed to raise an issue sufficient to survive summary judgment on grounds of mootness. . . . Defendants' motion for summary judgment of this count is properly granted."), *aff'd,* 764 F. App'x 521 (6th Cir. 2019).

[9] The Court is permitting Defendants to file a renewed motion for summary judgment because the instant Motion involved challenges to the Court's subject-matter jurisdiction. However, the Court declines to place herein any limits on the (purported) bases for summary judgment that Defendants can raise in any renewed motion for summary judgment. That is to say, any such renewed motion for summary judgment (and the papers filed in support thereof) may include (purported) bases for summary judgment beyond those specific bases going towards the Court's subject-matter jurisdiction that the Defendants raised in support of the Motion. In other words, Defendants may advance any (purported) bases for summary judgment that they wish, including those already raised by Defendants in support of the Motion, such as the immunity defenses asserted by Defendants (Doc. No. 61 at 19-22). But in doing so, Defendants must comply with all applicable rules, including but not limited to Local Rule 56.01.